

IFP Submitted

-SD 8/0

Tin Quoc Phan
16537 Yucca Circle
Fountain Valley, CA 92708
Phone: 714-492-2769
Email: lel909056@gmail.com

February 10, 2025

Clerk of the Court
United States District Court
Ronald Reagan Federal Building
411 W Fourth St.
Santa Ana, CA 92701

RE: Complaint for Discrimination, Violation of Parental Rights, Defamation, and Mental Anguish

Case No.: 8:25-cv-00279-PA-(JDEx)

Plaintiff: Tin Quoc Phan
Defendant: Orange County Social Services

INTRODUCTION

I, Tin Quoc Phan, hereby file this complaint against Orange County Social Services for systematic discrimination, unlawful termination of my parental rights, defamation of character, and conspiracy to commit fraud. This complaint stems from the agency's repeated and wrongful removal of my children based on fraudulent misrepresentations and falsifications of facts.

PARTIES

Plaintiff: Tin Quoc Phan, a dedicated father residing in Fountain Valley, California.
Defendant: Orange County Social Services, responsible for child welfare and protection services.

FACTUAL BACKGROUND

Over the years, I have been the devoted father of four children, all of whom have been removed from my care under false pretenses and allegations.
My initial legal action against the agency was prompted by their fraudulent claims regarding my fitness as a father. Despite clear evidence of my capability and dedication, the agency retaliated by doubling down on their efforts to portray me as unfit.
An arbitration order mandated that my daughter, Mia (born April 7, 2018), be returned to my care. This order was disregarded by the agency, demonstrating a blatant disregard for my parental rights.
On June 16, 2023, my daughter Jaelee Ezra Phan was born. The agency swiftly intervened, alleging a false positive urine sample for amphetamines from the mother, which was used to justify the removal of Jaelee from my custody on the very day of her birth.
I assert that the urine sample was fabricated, as the mother has sworn under penalty of perjury that it was not her urine and that she did not consume narcotics.

My parental rights were subsequently terminated, and this pattern continued with the birth of my twins, Jazmin Jeanette Phan and Michael Tin Phan, who were also removed from my custody on their birth date, August 16, 2024.
Throughout this ordeal, I have engaged in every available county program aimed at promoting reunification, only to find that the agency's agenda was to ensure that I would never regain custody of my children.

LEGAL FRAMEWORK

Discrimination and Violation of Parental Rights: Under the Fourteenth Amendment of the United States Constitution, I am entitled to due process and equal protection under the law. Additionally, California Family Code Section 300 et seq. protects the rights of parents in custody matters.
Defamation: Under California Civil Code Section 45, a false statement that injures a person's reputation is actionable. The agency has propagated false narratives about my character, damaging my reputation and my relationship with my children.
Fraud and Conspiracy: The agency's actions may constitute fraud under California Civil Code Section 1572, which defines fraud as any false representation or concealment of a material fact. Additionally, California Penal Code Section 182 outlines criminal conspiracy, which may apply to the actions taken by the agency.
Mental Anguish: Under California law, a plaintiff may recover damages for emotional distress caused by the wrongful actions of another, especially in cases where parental rights are at stake.

PRAYER FOR RELIEF

I respectfully request that the Court:

Acknowledge the arbitration order that was unlawfully disregarded by the agency. The arbitration was a binding contract, and the award was issued after the agency was notified a total of four times by the arbitrator and multiple times by me to attend. The agency's refusal to attend and comply with the arbitration award has caused substantial harm to me and my family.
Grant injunctive relief to promote the reunification of my family.
Order counseling services for my children to aid in their emotional recovery.
Take judicial notice of the agency's failure to provide evidence of wrongdoing on my part throughout the duration of these proceedings.
Compensate my children for the emotional turmoil caused by their unlawful removal and separation from their father, as deemed appropriate by the Court.

CONCLUSION

The actions of Orange County Social Services have not only violated my rights as a father but have also inflicted profound harm on my children. I seek the Court's intervention to restore our family and ensure that the best interests of my children are prioritized.

Respectfully submitted,

Tin Quoc Phan
(714) 492-2769    :

Tin Quoc Phan
16537 Yucca Circle
Fountain Valley, Ca 92708
Lel909056@gmail.com
562-482-6821
10-08-2024

Clerk of the Court
Lamoreaux Justice Center
341 The City Drive South
Orange California 92868

**Re: Motion for Reconsideration of Recusal of Judge Julie Swain**
**Case No.: [24DP1012-24DP-1013]**

**To the Honorable Judge Julie Swain:**
To address the court's response regarding Judge Swain's refusal to recuse herself, you can construct a motion that emphasizes the unique circumstances of your case. Here's a suggested framework for your argument, including relevant points and case law:

**Re: Motion for Reconsideration of Recusal of Judge Julie Swain**
**Case No.: 24DP-1012 24DP-1013

**To the Honorable Judge Julie Swain:**

I am submitting this motion for reconsideration of your prior ruling regarding my request for recusal. I respectfully assert that the circumstances surrounding my case warrant a thorough reconsideration of the potential conflicts of interest and the implications of your continued involvement in this matter.

### 1. Unique Circumstances of the Case

While the court referenced Rothman et al. and the principle that a lawsuit does not necessarily affect a judge's impartiality, this case is distinct due to the ongoing and direct implications of the pending lawsuit against you. The lawsuit involves allegations of unlawful actions that directly relate to the termination of my parental rights. This situation raises the question of whether true impartiality can be maintained when the presiding judge faces allegations that could potentially reflect on her judgment and conduct in this particular matter.

### 2. The Concept of Tacit Acquiescence

I have presented a contract that both you and the involved agencies accepted through tacit acquiescence. This acceptance implies a recognition of the jurisdiction of an arbitration body over the matters at hand. The failure to acknowledge this contract may not only undermine the integrity of the proceedings but also the validity of the court's authority in this case.

### 3. Relevant Case Law

- **First Western Development Corp. v. 1989, 212 Cal. App. 3d 860, 867**: While this case discusses the manipulation of the courts, it does not take into account situations where legitimate claims of injustice and potential conflicts exist, particularly regarding parental rights. The stakes in cases involving parental rights require a heightened standard of impartiality, given the lifelong impact of such decisions.

REC'D  OCT 08 2024  VW

- **In re Marriage of Candiotti, 2015**: This case emphasizes the necessity for a judge to recuse themselves if the circumstances create a reasonable question of their impartiality, especially in matters affecting fundamental rights.

- **Code of Judicial Ethics, Canon 3E**: This canon states that a judge should disqualify themselves in any proceeding in which their impartiality might reasonably be questioned. Given the serious allegations against you related to my parental rights, a reasonable person could question your impartiality.

In light of the unique circumstances surrounding this case, including the pending lawsuit, the alleged unlawful actions, and the implications of the accepted contract, I respectfully request that you reconsider your decision not to recuse yourself. The integrity of the judicial process demands a clear separation between the judge's personal legal challenges and the impartiality required in cases involving fundamental rights.

In response to the court's reliance on various cases and legal codes regarding recusal, I wish to provide a more nuanced perspective that underscores the necessity for your recusal in this case involving the termination of my parental rights.

### 1. Argument Against Wechsler v. Superior Court (2014)

**Wechsler v. Superior Court, 224 Cal. App. 4th 384, 391** establishes that a judge's prior rulings do not automatically disqualify them from future cases. However, this case does not address situations where the judge faces allegations of unlawful conduct that directly affect the rights of a parent. The stakes in parental rights cases are significantly higher, as they involve fundamental human rights and interests. The potential for bias or conflict is heightened when the judge is directly involved in a prior ruling that is now under legal scrutiny.

### 2. Argument Against Code of Civil Procedure § 170

**California Code of Civil Procedure § 170** provides guidelines for recusal but emphasizes the necessity of an actual conflict of interest or bias. While it is true that the standard for recusal may be high, the presence of ongoing litigation against you regarding your conduct in a previous case creates a reasonable doubt about your impartiality. The implications of your ruling on my parental rights, combined with the pending lawsuit, warrant a reevaluation of your ability to remain unbiased in this matter.

### 3. Argument Against Code of Judicial Ethics Canon 3B(1)

**Canon 3B(1)** states that a judge should disqualify themselves in instances where their impartiality might reasonably be questioned. The allegations against you regarding the unlawful termination of my parental rights create a substantial question of impartiality. This is particularly critical in cases where a judge's previous rulings are now subject to legal challenge. The overarching principle of ensuring fair and impartial justice necessitates that you step aside to preserve the integrity of the judicial process.

### 4. Argument Against United Farm Workers of America v. Superior Court (1985)

**United Farm Workers of America v. Superior Court, 170 Cal. App. 3d 97, 100** discussed the limits of recusal based on a judge's prior involvement in similar matters. However, this case does not consider the specific and acute implications for parental rights. The context of your involvement in a case where a lawsuit has been filed against you for alleged misconduct must be taken into account. The standard of judicial conduct should be stricter when fundamental rights, such as parental rights, are at stake.

### Conclusion

Given the unique complexities of this case, including the pending lawsuit against you, the serious implications of your previous rulings, and the principles of judicial ethics that prioritize impartiality, I respectfully urge you to reconsider your decision regarding recusal. The integrity of the judicial process and the rights of a parent necessitate a careful examination of potential conflicts of interest.

**Respectfully submitted,**. 10-08-2024

### Motion for Judicial Notice of Contract 23DP0861-911

**Tin Quoc Phan**
16537 Yucca Circle
Fountain Valley, CA 92708
lel909056@gmail.com
562-482-6821
October 10, 2024

**Lamoreaux Justice Center**
341 The City Drive South
Orange, CA 92868

**Re: Motion for Judicial Notice of Juvenile 23DP0681 Jaelee Ezra Phan

**To the Honorable Judge Julie Swain,**

I, Tin Quoc Phan, respectfully submit this motion for judicial notice regarding the contract pertaining to my daughter, Jaelee Ezra Phan, executed on June 24, 2023. This contract is crucial to the ongoing proceedings and is relevant to the jurisdictional issues currently before the Court.

**1. Request for Judicial Notice**
I request that the Court take judicial notice of the contract for the following reasons:

- **Relevance**: The contract outlines critical terms and conditions that directly relate to the welfare and custody of Jaelee. It is essential for the Court's understanding of the circumstances surrounding her case.

- **Default by the Agency**: The Orange County Social Services Agency has failed to adhere to the obligations set forth in the contract, thereby impacting my parental rights and responsibilities.

**2. Legal Basis**
Pursuant to California Evidence Code § 452(h), the Court may take judicial notice of official records and documents. The contract in question is a public record and should be acknowledged in the interest of justice.

**3. Case Law**
In *People v. McCarty*, 70 Cal. App. 4th 708 (1999), the court stated that judicial notice may be taken of matters that are not reasonably subject to dispute and are capable of immediate and accurate determination. The contract concerning Jaelee's welfare fits this criterion.

I respectfully request that the Court take judicial notice of this contract to ensure all relevant factors are considered in the ongoing proceedings regarding my daughter.

Thank you for your attention to this matter.

**Sincerely,**

**Tin Quoc Phan**
October 10th 2024

REC'D OCT 10 2024

### Motion for Judicial Notice of Twins' Contract (24DP1012-911)

**Tin Quoc Phan**
16537 Yucca Circle
Fountain Valley, CA 92708
lel909056@gmail.com
562-482-6821
October 10, 2024

**Lamoreaux Justice Center**
341 The City Drive South
Orange, CA 92868

**Re: Motion for Judicial Notice of Twins' Contract (24DP1012-911)**

**To the Honorable Judge Julie Swain,**

I, Tin Quoc Phan, respectfully submit this motion for judicial notice regarding Contract 24DP1012-911, related to my twins, Jazmin Jeanette Phan and Michael Tin Phan. This contract is essential for the Court's understanding of the circumstances surrounding their custody and welfare.

**1. Request for Judicial Notice**
I request that the Court take judicial notice of the twins' contract for the following reasons:

- **Relevance**: The contract outlines specific provisions regarding the care and custody of my twins, which are fundamental to the current proceedings.

- **Default by the Agency**: The Orange County Social Services Agency has not fulfilled its obligations under this contract, affecting my rights as a parent.

**2. Legal Basis**
Under California Evidence Code § 452(h), the Court is permitted to take judicial notice of public records and official documents. The contract concerning my twins is a public record and warrants judicial notice.

**3. Case Law**
In *In re Marriage of Huber*, 81 Cal. App. 4th 194 (2000), the court recognized the importance of relevant contractual agreements in determining custody matters. This precedent supports the necessity of considering the twins' contract in the current proceedings.

I respectfully request that the Court take judicial notice of Contract 24DP1012-911 to ensure that all pertinent factors regarding the welfare of my twins are duly considered.

Thank you for your attention to this important matter.

Sincerely,**

**Tin Quoc Phan**

:

**Tin Quoc Phan**
16537 Yucca Circle
Fountain Valley, CA 92708
lel909056@gmail.com
562-482-6821
[Date]

**North Court**
1275 N. Berkeley Ave.
Fullerton, CA 92832

**Re: Motion for Admission of Urine Test Results and Subpoena of Laboratory Records - Tin Quoc Phan vs. Fountain Valley Regional Hospital**
**Case No.: 30-2023-01337174 Cu-Cr-NJC**
**Courtroom N15, Judge Nathan Vu**

**To Whom It May Concern:**

**I. Introduction**

This motion is submitted on behalf of Tin Quoc Phan regarding the case against Fountain Valley Regional Hospital. We seek the court's permission to admit urine sample test results obtained from the hospital, which allegedly indicate the presence of amphetamines and methamphetamines in the system of Lindsay Carlin, the mother of my daughter, Jaelee Ezra Phan, born on June 16, 2023. We assert that these results were fabricated or misrepresented, suggesting a conspiratorial role by the hospital in initiating this case against our family.

Additionally, I request a subpoena for the laboratory records related to these tests. I have strong reason to believe that no legitimate test was ever conducted and that any such testing did not have the mother's consent.

**II. Background**

On [date of sample collection], Lindsay Carlin provided a urine sample at Fountain Valley Regional Hospital. The subsequent results, allegedly showing the presence of amphetamines and methamphetamines, were reported to Child Protective Services (CPS), leading to the termination of our parental rights. We contend that there was collusion between the hospital and CPS from day one, creating a false narrative aimed at unjustly implicating us.

Page1

Additionally, I request a subpoena for the laboratory records related to these tests. I have strong reason to believe that no legitimate test was ever conducted and that any such testing did not have the mother's consent.

**II. Background**

On [date of sample collection], June 16-17 2024 approximately an unauthorized urine sample is allegedly taken from lindsay carlin which she never willfully provided and claims the only urine that could have been collected was flushed down the toilet.  This however is alleged to have been collected, this sample at Fountain Valley RegionalHospital. The subsequent results, allegedly showing the presence of amphetamines and methamphetamines, were reported to Child Protective Services (CPS), leading to the termination of our parental rights. We contend that there was collusion between the hospital and CPS from day one, creating a false narrative aimed at unjustly implicating us.

This situation escalated to the hospital forcing my child to remain in the NICU under the fabricated claim that she was facing severe withdrawals. They administered morphine to my child for two months while feeding her through a tube. The moment I witnessed them remove my perfectly healthy child to the NICU, fabricating a lie about her mother having narcotics in her system—despite Lindsay receiving pre-birth care the entire time—I was horrified.

When I attempted to feed my child, who was entirely healthy, through her mouth, they caused a scene that resulted in my removal from the hospital. Subsequently, I was banned from the facility, preventing me from stopping their actions that I believe were harming my child. The administration of morphine created the false impression of a drug-addicted baby, compounding the trauma inflicted upon our family.

**III. Evidence of Test Results**

1. **Chain of Custody**: The sample collection and handling procedures are j to this case. We believe that the chain of custody documentation, which is attached as Exhibit A, may reveal inconsistencies or irregularities.

2. **Test Results**: The laboratory report, attached as Exhibit B, claims to show the presence of controlled substances. However, we argue that this report lacks credibility and may have been manipulated to support a false narrative against my family.

3. **Subpoena for Laboratory Records**: We request a subpoena for the laboratory records related to the urine test, as we have strong reasons to believe that no legitimate test was conducted and that any testing performed did not have the mother's consent.

4. **Expert Testimony**: We intend to present expert witnesses who can challenge the validity of the testing methods and the integrity of the results, further supporting our claim of a conspiracy.

**IV. Argument**

The admission of these test results is essential for several reasons:

1. **Relevance**: The alleged presence of these substances is central to the claims against my family. Establishing the truth behind these results is crucial to understanding the motivations of the parties involved.

2. **Admissibility**: Despite our concerns about the authenticity of the results, they must be examined in court to uncover the truth regarding their legitimacy.

3. **Justice**: Allowing these results into evidence not only serves the pursuit of truth but also exposes any potential wrongdoing by the hospital and CPS, which may have acted with malice or intent to harm my family.

**V. Conclusion**

For the reasons articulated above, we respectfully request the court grant this motion for the admission of the urine test results from Fountain Valley Regional Hospital and issue a subpoena for the laboratory records associated with these tests. We believe that a thorough examination of these results will reveal the hospital's conspiratorial role in this matter and ultimately support our claims of injustice against my family.

Thank you for your consideration.

**Respectfully submitted,**

Tin Quoc Phan

**Attachments:**
- Exhibit A: Chain of Custody Documentation
- Exhibit B: Laboratory Test Results

October 2nd 2024

Page3