JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIN QUOC PHAN,<br><br>    Plaintiff,<br><br>v.<br><br>ORANGE COUNTY SOCIAL SERVICES,<br><br>    Defendant. | Case No. 8:25-cv-00279-SB-DFM<br><br>ORDER OF DISMISSAL |

      Plaintiff alleges that Defendant, Orange County Social Services, has removed each of his four children from his custody "under false pretenses." Dkt. No. 1 at 1. He claims that: (1) after his first child was removed, Defendant disregarded an "arbitration order" mandating her return; (2) his second child was removed in 2023 due to a "false positive urine sample for amphetamines from the mother"; and (3) "this pattern continued" with the removal of his twins in 2024. *Id.* at 1–2. He contends that this conduct violated his rights to due process and equal protection under the Fourteenth Amendment and raises state law claims for defamation, fraud, and criminal conspiracy. *Id.* at 2. Because Plaintiff has requested to proceed in forma pauperis (IFP), the Court must screen his complaint to determine if his complaint fails to state a claim or is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). For the reasons discussed below, this action is dismissed.

      First, Plaintiff's complaint must be dismissed as malicious. *See* 28 U.S.C. § 1915A(b) (requiring a court to dismiss a "malicious" complaint). A lawsuit is malicious if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (cleaned up). Plaintiff previously has filed four actions against Orange County raising claims arising out of or related to the removal of his children, all but one of which have been

1

dismissed (one is stayed pending resolution of an appeal). *Phan v. Cnty. of Orange*, No. 22-cv-00105-SB (C.D. Cal.); *Phan v. Cnty. of Orange*, No. 8:22-cv-01173-JVS (C.D. Cal.); *Phan v. Cnty. of Orange*, No. 8:23-cv-00374-JWH (C.D. Cal.); *Phan v. Cnty. of Orange Children and Family Svcs.*, No. 8:23-cv-01609-JWH (C.D. Cal.). He has also filed three actions against the state court judges involved in the removal of his children, all of which were dismissed. *Phan v. Mittal*, No. 8:24-cv-02011-SB (C.D. Cal.); *Phan v. Mittal*, No. 8:24-cv-02263-SB (C.D. Cal.); *Phan v. Swain*, No. 8:24-cv-02476-SB (C.D. Cal.). In filing yet another lawsuit raising facts and issues similar to those presented in prior dismissed actions, Plaintiff is abusing the judicial process.[1]

Second, the complaint is otherwise subject to dismissal. Although Plaintiff invokes federal question jurisdiction under 28 U.S.C. § 1331, Dkt. No. 1-1, he fails to state a federal claim. He alleges violations of his Fourteenth Amendment rights, but there is no direct cause of action under the Constitution. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (noting that 42 U.S.C. § 1983 provides a cause of action for appropriate constitutional claims). Even liberally construing his complaint as raising a § 1983 claim, his allegations are insufficient.[2] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (cleaned up); *id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff fails to allege any "deliberate policy, custom, or practice that was the moving force behind the constitutional violation," as required to state a § 1983 claim against a local government entity like Defendant. *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (cleaned up).

Plaintiff's remaining claims arise under state law, and he does not (and could not) allege diversity of citizenship as an independent ground for federal jurisdiction. In the absence of any viable federal claim, the Court declines

---

[1] Plaintiff is cautioned that if he continues to abuse the process, he may be deemed a vexatious litigant and his ability to file similar lawsuits may be restricted. *See Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061–62 (9th Cir. 2014) (acknowledging a court's authority to regulate the activities of abusive litigants).

[2] The standard for determining whether a complaint fails to state a claim under 28 U.S.C. § 1915(e) is the same as the standard under Federal Rule of Civil Procedure 12(b)(6). *Hebrard v. Nofziger*, 90 F.4th 1000, 1007 (9th Cir. 2024).

supplemental jurisdiction over the remaining state claims. 28 U.S.C. § 1367(c) (district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction"); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (finding district court did not abuse discretion by declining to exercise supplemental jurisdiction over state law claims).

Although leave to amend is to be freely granted, it is not warranted where, as here, the action is malicious. *See Lopez*, 203 F.3d at 1128 n.8 ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

Accordingly, Plaintiff's federal claims are dismissed with prejudice, *see Cato*, 70 F.3d at 1105 n.2, 1111 (affirming dismissal with prejudice where complaint repeated previously litigated claims and failed on the merits), and his state law claims are dismissed without prejudice, *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (district court declining to exercise supplemental jurisdiction over state law claims must dismiss them without prejudice).

Date: March 12, 2025

                                            Stanley Blumenfeld, Jr.
                                            United States District Judge